UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-22231-GAYLES

LESLIE CASSEL,

    **Plaintiff,**

vs.

JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.),

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss Count II (the "Motion") [ECF No. 4]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion shall be granted.

## BACKGROUND[1]

Defendant John Hancock Life Insurance Company issued a life insurance policy to Robert Berney ("Berney") in 2010 (the "Policy"). On October 22, 2010, Berney emailed Defendant requesting the documents required to change the Policy's beneficiaries from Rachel Berney Kohlbrenner and Lisa Berney (the "Prior Beneficiaries") to Plaintiff Leslie Cassel. In December 2010, Berney submitted a Change of Beneficiary-Life form to Defendant, changing the Policy's beneficiary from the Prior Beneficiaries to Plaintiff (the "COB Form").

---

[1] As the Court is proceeding on a motion to dismiss, it accepts Plaintiff's allegations in the Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true).

On October 11, 2019, following Berney's death, Plaintiff submitted a Statement of Claim for Death Benefit (the "Claim"), along with the COB Form and other required documentation, to Defendant. Defendant denied Plaintiff's Claim.

On April 2, 2019, Plaintiff filed this action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida alleging claims against Defendant for breach of third-party beneficiary contract (Count I) and negligence against insured (Count II). On May 31, 2019, Defendant removed the action to this Court on the basis of diversity jurisdiction. On June 5, 2019, Defendant moved to dismiss Count II arguing Plaintiff has no standing and fails to state a claim.[2]

## DISCUSSION

**I.  Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

---

[2] In its Reply in support of its Motion, Defendant remarks in a footnote that Plaintiff has no standing and fails to state a claim for breach of a third-party beneficiary contract. Because Defendant raises these issues for the first time in its Reply, the Court does not address them at this time.

2

## II. Standing-Real Party in Interest

In Count II, Plaintiff alleges that "Defendant breached its duty to Berney by failing to protect Berney's interest and wishes regarding his desired beneficiary . . . ." [ECF No. 1-1, ¶ 20]. Defendant argues that Plaintiff is not the real party in interest for this claim and, therefore, has no standing to pursue it. The Court agrees.

To bring a claim in federal court, a litigant must have standing. *Fed. Deposit Ins. Corp. v. Morley*, 867 F.2d 1381, 1386 (11th Cir. 1989). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). To establish Article III constitutional standing, "the plaintiff must show an 'injury in fact' that is 'fairly traceable' to the defendant's conduct and 'that is likely to be redressed by a favorable judicial decision.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1302 (2017) (quoting *Spokeo, Inc. v. Robbins,* 136 S. Ct. 1540, 1547 (2016)). In addition to Article III standing, a plaintiff must have prudential standing. Prudential standing does not relate to the Court's constitutional power to adjudicate the case. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014). Rather, it encompasses "three broad principles: the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Id.* at 126 (internal quotations and citations omitted).

In addition, all federal actions "must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). "The purpose of the real party in interest rule is to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper *res judicata* effect." *Elandia Int'l., Inc. v. Koy*, No. 09-20588, 2010 WL

2179770, at *4 (S.D. Fla. Feb. 22, 2010) *report and recommendation adopted by Elandia Int'l, Inc. v. Koy*, No. 09-20599, 2010 WL 2196040 (S.D. Fla. Jun. 1 2010). While the real party in interest rule and Article III standing are distinct concepts, "some courts . . . have described Rule 17's real party in interest requirement as essentially a codification of the non-constitutional prudential limitation on standing." *Id.* at 5. To determine whether a plaintiff is the real party in interest, the Court "look[s] to the law of the state where the federal district court sits . . . ." *Tennyson v. ASCAP*, 477 F. App'x 608, 611 (11th Cir. 2012).

Because Berney is deceased, his legal claims, including any claims for negligence, now belong to his estate. *See Cross v. Primerica Life Ins. Co.*, No. 3:13cv309, 2014 WL 12527701, *2 (N.D. Fla. Feb. 11, 2014). "Under Florida law the only party who has the capacity to sue on behalf of an estate is the duly appointed legal representative of the estate." *Tennyson*, 477 F. App'x at 611. Plaintiff has not alleged that she is the personal representative of Berney's estate. Rather, she brings both of her claims in her individual capacity. As a result, she is not the real party in interest on Count II. *See id.*; *Cross*, 2014 WL 12527701, at *2; *Fisher v. PNC Bank N.A.*, No. 18-22974-CIV, 2019 WL 4697593, * 2 (S.D. Fla. Sep. 25, 2019) ("Plaintiff, who is not the personal representative of the estate, has no standing to bring claims on behalf of the estate against Defendants."). Therefore, Count II shall be dismissed.

### III. Failure to State a Claim

In addition to her lack of standing to prosecute Count II as the real party in interest, Plaintiff fails to state a claim for negligence. Plaintiff filed this action in her individual capacity, alleging that she is the intended beneficiary of the Policy. While Defendant might have owed Berney a duty—which, as set forth above, Plaintiff has no standing to pursue—Plaintiff fails to allege that Defendant owed her any duty. This is fatal to her claim for negligence. *See Hickman v. Variable*

4

*Annuity Life Ins. Co.*, No. 8:19-cv-318, 2019 WL 5802661, *2 (M.D. Fla. Jun. 5 2019) ("The only alleged relationship between plaintiff and [d]efendants is related to her contention that she is the beneficiary of [the decedent's] financial accounts. This is insufficient to state a negligence claim."); *United States Life Ins. Co. in the City of New York v. Logus Manuf. Corp.*, 845 F. Supp. 2d 1303, 1321 (S.D. Fla. 2012) (quoting *Morein v. N. Am. Co. For Life And Health Ins.*, 271 So. 2d 308, 316 (La. Ct. App. 1972) ("We are aware of no case where the insurer has been condemned to pay damages to a person who may have been named as beneficiary because the insurer or his agent failed to aggressively pursue the insured to see that the change of beneficiary was effected.").

## Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count II [ECF No. 4] is **GRANTED**. Count II is dismissed without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE